

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2006

# Toussaint v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-3311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Toussaint v. Atty Gen USA" (2006). *2006 Decisions.* Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――

No. 05-3311

―――――

EDNA TOUSSAINT,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

―――――

On Petition for Review of a decision and order of
the Board of Immigration Appeals
(BIA No. A30-139-224)

―――――

Argued June 13, 2006

BEFORE: FISHER, GREENBERG, and LOURIE,* Circuit Judges

(Filed:  July 26, 2006)

―――――

ORDER AMENDING OPINION

―――――

It is hereby ordered that the opinion of the court in this case filed July 26, 2006, is amended as follows:

―――――

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

(1) The second complete paragraph in footnote 3, page 5, of the slip opinion as it

originally read (see Toussaint v. Attorney General, 455 F.3d 409, 412 n.3 (3d Cir. 2006)) is deleted and the following paragraph is substituted for it:

Although the government does not dispute that we have jurisdiction over this petition to review the decision and order of the BIA, we explain our jurisdiction because, as we recently stated in Romanishyn v. Attorney General, 455 F.3d 175, 180 (3d Cir. 2006), "[o]ur jurisdiction extends only to constitutional claims and questions of law." (citing 8 U.S.C. § 1252(a)(2)(D)). We have recognized that "this [jurisdiction] includes review of the BIA's application of law to undisputed fact." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). The question here involves not disputed facts but whether the facts, even when accepted as true, sufficiently demonstrate that it is more likely than not that she will be subject to persecution or torture upon removal to Haiti. Therefore, we have jurisdiction to review the BIA's application of law to the facts of this case.

(2) The last sentence in the second complete paragraph on page 9 of the slip opinion as it originally read (see Toussaint v. Attorney General, 455 F.3d at 415) is deleted and the following sentence is substituted for it:

We are satisfied that the record both with respect to the evidence presented and lack of evidence supports the BIA's decision, and thus, even if our jurisdiction extended to reviewing the BIA's decision on this point, we could not conclude that a reasonable fact-finder would be compelled to find to the contrary. See id.

By the court,

　　　　　/s/ Morton I. Greenberg
Circuit Judge

DATED: September 29, 2006
CRG/cc: Matthew L. Guadagno, Esq.
　　　　Ruchi Thaker, Esq.
　　　　David J. Kline, Esq.
　　　　Carl H. McIntyre Jr., Esq.
　　　　Papu Sandhu, Esq.

2